**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **WAYNE A. BARRETT,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **M&T BANK, M&T TRUST, MERS,** ) <br> **HUD, MCCALLA RAYMER** ) <br> **LEIBERT PIERCE LLC,** ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION NO.** <br><br> **1:22-cv-02321-WMR-JCF** |

**M&T BANK AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S RESPONSE TO PLAINTIFF'S FILING OF AFFIDAVIT OF BERT FALLS**

COME NOW defendants M&T Bank and Mortgage Electronic Registration Systems, Inc. (erroneously sued as "MERS") ("MERS") ("Defendants"), by and through their undersigned counsel, and hereby file this response to Plaintiff's "Affidavit of Bert Falls, Mortgage Fraud Examiner" and other documents filed on July 20, 2022, (Doc. 15), stating as follows:

1. On July 20, 2022, Plaintiff filed the following documents as one filing: an "Affidavit of Bert Falls, Mortgage Fraud Examiner;" an "Affidavit of Fact Writ of Error;" an "Affidavit of Truth Objection to motion To Dismiss;" "Proof of Travel to pay off Mortgage @M&T Bank;" an "Affidavit of Fact Default Judgment;" and

48557206 v1

an undated letter which Plaintiff claims to be "Evidence of Attempt to Foreclose." (*See* Doc. 15.)

2. Plaintiff's July 20, 2022 filing is largely incomprehensible and does not properly seek any cognizable relief. To the extent the filing is intended as a supplemental response to Defendants' Motion to Dismiss, Plaintiff has already filed a response to the Motion, to which Defendants have replied. (*See* Doc. 9, Doc. 13). Briefing on the Motion is thus closed, and the Local Rules do not allow for any further briefs to be filed. Furthermore, documents outside the pleadings may not be considered at the motion to dismiss stage. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). Therefore, these documents are improperly before the Court and should be disregarded.

3. However, even if the Court were to consider it, the July 20, 2022 filing does not present any valid opposition to the Motion to Dismiss, as it merely repeats Plaintiff's frivolous sovereign citizen claims based on the Treaty of Peace and Friendship cited in Plaintiff's prior filings, which Plaintiff again relies on to challenge the validity of the loan documents and this Court's jurisdiction. These contentions fail for the reasons stated in Defendants' Motion to Dismiss and reply brief, and Plaintiff makes no attempt to respond to the authorities cited by Defendants therein. (*See* Doc. 3, Doc. 13.) Moreover, while Plaintiff questions the

Court's jurisdiction, Plaintiff fails to provide any argument supported by proper legal authorities showing that the Court lacks jurisdiction over this matter or disputing any of the sources of jurisdiction set forth in Defendants' removal notice. Indeed, he cannot do so. Additionally, to the extent Plaintiff seeks a default judgment against Defendants, such a request is due to be denied because Defendants have responded to the Complaint by moving to dismiss this action.[1] *See Guice v. Postmaster General, U.S. Postal Service*, 747 Fed. Appx. 827, 829 (11th Cir. 2018) (timely filed motion to dismiss qualifies as responsive pleading such that default judgment was not warranted).

4. Accordingly, Defendants request that the Court disregard Plaintiff's July 20, 2022 filing and grant their Motion to Dismiss.

Respectfully submitted this the 26th day of July, 2022.

---

[1] Plaintiff's request for a default judgment appears to seek a default against Defendants for their alleged failure to respond to Plaintiffs' Affidavit of Fact: Writ of Quo Warranto, Affidavit of Fact: Adverse Claim of Title and Reversion of Ancestral Estate and Memorandum of Trust. (Doc. 15 at 20.) However, Defendants did respond to these filings in their reply in support of their Motion to Dismiss. (*See* Doc. 13 at 3-6.) To the extent Plaintiff contends that Defendants' response to those filings was untimely, Plaintiff is off base, as these filings were not proper pleadings, and therefore, no response was required from Defendants. Moreover, Plaintiff lacks authority to unilaterally order Defendants to respond within a certain time frame.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com
BURR & FORMAN, LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorney for Defendants
M&T BANK AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

## CERTIFICATION OF COUNSEL

      I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

                              */s/ Rachel R. Friedman*
                              Rachel R. Friedman
                              Georgia Bar No. 456493
                              rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served electronically via CM/ECF electronic service on this 26th day of July, 2022:

William O. Tate
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
william.tate@mccalla.com

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, on this 26th day of July, 2022:

Wayne A. Barrett
1928 Paddock Path Dr. NW
Acworth, GA 30102

Housing and Urban Development
1250 Maryland Ave SW
Washington, DC 20024

                                                */s/ Rachel R. Friedman*
                                                Rachel R. Friedman
                                                Georgia Bar No. 456493
                                                rfriedman@burr.com