FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 20 2025

KEVIN P WEIMER, Clerk
By: Matthew A, Deputy Clerk

Wayne Barrett

P.O. Box 2293

Acworth, Georgia 30102

Date: 10/9/2025

To:

William M. Ray II

United States District Judge

Northern District of Georgia

1:22 CV 02321,
1:23 CV 02747,  1:25-CV

and

To:

The Head Clerk of Court

United States District Court

Northern District of Georgia

# Relief from Judgement influenced by unlicensed Attorney Rachel Friedman

## Re: Equitable Relief and the Burden-to-Society Principle

With measured respect, I write not to dispute the order of this Court, but to illuminate an overlooked principle that sustains the very architecture of justice itself. The law, when balanced correctly, becomes both the beam and the level of civilization. When it leans too far toward commerce and forgets equity, the structure trembles.

In every great system—whether of jurisprudence, architecture, or moral design—there lies a sacred symmetry: nothing built on imbalance can endure. The exemption laws of this Republic were framed in that same light, ensuring that enforcement of debt would never become enforcement of destitution. The underlying policy is clear and timeless: that a

citizen reduced to dependence becomes a burden not only upon the State but upon the conscience of all who serve it.

In my filings before this Court, I have invoked that doctrine—not as novelty, but as restoration. Corpus Juris Secundum, Volume 35, speaks to it plainly: "Exemption laws rest upon considerations of public policy and humanity...to secure to the debtor and his family the means of obtaining a livelihood and to prevent them from becoming a public charge." Congress reaffirmed the same through 11 U.S.C. § 522 and Georgia through O.C.G.A. § 44-13-100. These are not mere technicalities; they are the moral counterweights that keep justice upright.

I ask that the Court and Clerk receive this correspondence in that spirit—an appeal not only for lawful reconsideration, but for harmony between the letter and the light of the law. Relief from judgment, when grounded in this principle, restores balance both to the individual and to the public trust that sustains the judiciary itself.

---

Addendum: On the Preservation of Authorized Practice and Equity

It must also be observed that when the administration of debt, foreclosure, or collection is conducted by individuals or entities acting without lawful delegation, licensing, or jurisdictional standing, the very safeguards meant to protect the citizen are inverted. What was written to preserve livelihood is instead used to extinguish it.

Unauthorized practice in this context does more than offend procedure—it strikes at public policy itself. When unlicensed or improperly delegated agents press debts beyond lawful authority, the outcome is predictable: intentional destitution. Such actions convert private profit into public expense, leaving the injured debtor dependent upon the State and imposing the financial burden upon the same society the law was designed to protect.

Equity cannot tolerate such imbalance. Enforcement must proceed under lawful authority, or it ceases to be justice—it becomes extraction. The judiciary, standing as both guardian

and architect of fairness, holds the power to ensure that every act under its seal reflects not oppression, but order; not exploitation, but restoration.

With gratitude for your time and continued stewardship of equity,

Respectfully submitted,

*Wayne.*
Wayne Barrett, Pro Se

Certificate of Service

I hereby certify that a true and correct copy of this correspondence has been delivered to the Clerk of Court and to counsel of record on [date] by [method].

*Wayne.*
Wayne Barrett