IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAYNE A. BARRETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>M&T BANK, M&T TRUST, MERS, )<br>HUD, MCCALLA RAYMER )<br>LEIBERT PIERCE LLC, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>1:22-cv-02321-WMR |

**DEFENDANTS M&T BANK AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENJOIN PLAINTIFF FROM SEEKING FURTHER RELIEF**

COME NOW Defendants M&T Bank and Mortgage Electronic Registration Systems, Inc. (erroneously sued as "MERS") ("MERS") (collectively, "Defendants"),[1] by and through their undersigned counsel, and hereby file this memorandum of law in support of their Motion to Enjoin Plaintiff from Seeking Further Relief or, in the alternative, to Enjoin Plaintiff from Seeking Further Relief without Prior Approval from this Court. In support, Defendants state as follows:

---

[1] Although Plaintiff's Complaint also names "M&T Trust," M&T Trust is not an entity owned or operated by M&T Bank, and, to Defendants' knowledge, it is not a legal entity.

1

I.      **INTRODUCTION**

On May 2, 2022, Plaintiff commenced this action against M&T Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), M&T Trust, McCalla Raymer, and HUD, challenging M&T Bank's ability to collect and foreclose on Plaintiff's mortgage loan. Plaintiff asserted, among other things, that he submitted a "New Credit Agreement Debt Lien Payoff Contract Security" in the amount of $232,000 on April 11, 2022 and that, in doing so, he "legally and officially discharged and paid off total mortgage debt." (*See* Doc. 1-1, at p. 6.) Plaintiff argued that M&T Bank was, therefore, contractually obligated to discharge Plaintiff's mortgage lien. (*Id.* at pp. 14–16.) Based on these allegations, Plaintiff asserted claims for a laundry list of purported misdeeds arising from the origination and servicing of his mortgage loan. This Court dismissed Plaintiff's claims with prejudice on February 27, 2023. (*See* Doc. 44).

A few months later, on May 15, 2023, Plaintiff initiated a second action based on the same purported misconduct at issue in this case, now asserted against alleged officers of the Defendants.[2] (*See* Case No. 1:23-cv-02747-WMR-JCF (hereinafter, "*Barrett II*") Doc. 1-1, at pp. 2–8.) Plaintiff again made various allegations regarding the closing of his loan. Plaintiff asked the Court "[t]o order an alternative writ of

---

[2] Plaintiff alleges that King and Jones are "Acting C.F.O/ C.E.O and securities agent for M&T Bank." (*Barrett II*, Doc. 1-1 at 2).

2

mandamus to issue requiring the defendant(s) Darren King to Accept private Americans Promissory Note on 4/11/2021 and to offset their balance sheets in accordance with FAS140, 133 . . . ." (*Id.*). Plaintiff also requested that "[s]ubrogee to be disclosed all the checks and Chattels from the balance sheets . . . so that he may tally his recoupment from the securities over the past 15 years. If he must give back the property." (*Id.*, at pp. 3–4.) This Court dismissed that action with prejudice as well. (*Barrett II*, Doc. 29.)

Since the dismissal of these actions, Plaintiff has filed a total of thirty-two (32) frivolous and nonsensical post-judgment motions and purported "notices," none of which this Court has granted.[3] Plaintiff's incessant filings are a burden on the Court and on Defendants and a waste of judicial resources. To stop Plaintiff from further wasting the time and resources of the parties and this Court with his baseless filings, Defendants respectfully request that this Court enter an Order enjoining Plaintiff from filing any future documents with this Court in both this action and in *Barrett II*. In the alternative, Defendants request that this Court issue a Screening Order providing that Plaintiff's filings will not be placed on the docket without first being screened by the Clerk of this Court for merit.

---

[3] Thirteen (13) of these documents were filed in *Barrett II*. (*See Barrett II*, Docs. 31, 33, 34, 39, 40, 42, 43, 47, 48, 49, 50, 51, 52.) The other nineteen documents were filed in this case. (*See* Docs. 45, 46, 47, 48, 49, 52, 53, 57, 59, 60, 62, 63, 64, 65, 66, 67, 68, 71, 72.)

3

## II.     PLAINTIFF'S HISTORY OF FRIVOLOUS FILINGS

Plaintiff filed this lawsuit on May 2, 2022. (Doc. 1-1.) M&T Bank and MERS subsequently removed the action to this Court. (Doc. 1.) On June 16, 2022, Defendants filed a Motion to Dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. (Doc. 3.) Plaintiff immediately began filing a series of frivolous and nonsensical documents, all purporting to assert claims commonly seen in the "sovereign citizen" movement. He filed three alleged "affidavits" on June 27, 2022, including an "Affidavit of Fact/Memorandum of Trust," an "Affidavit of Fact/Adverse Claim" and an "Affidavit of Fact/Writ of Quo Warranto" (Docs. 6, 7, 8.) Plaintiff then filed a response to the pending Motion to Dismiss, which set forth no argument as to why his case was sufficiently pled but instead simply provided a numbered list of "Acceptable Relief." (Doc. 9.)

On July 11, 2022, this Court granted Defendants' Motion to Stay the action pending its decision on the Motion to Dismiss. (Doc. 12.) Plaintiff, however, continued to file procedurally inappropriate documents while the action was stayed. On July 20, 2022, Plaintiff filed as one filing the following documents: an "Affidavit of Bert Falls, Mortgage Fraud Examiner," an "Affidavit of Fact Writ of Error," an "Affidavit of Truth Objection to motion To Dismiss," a "Proof of Travel to pay off Mortgage @M&T Bank," an "Affidavit of Fact Default Judgment," and an undated

4

letter which Plaintiff claimed to be "Evidence of Attempt to Foreclose." (Doc. 15.) Defendants M&T Bank and MERS filed a response to these documents, stating that the "filing [was] largely incomprehensible and [did] not properly seek any cognizable relief." (Doc. 16.) On July 25, 2022, Plaintiff filed the same exact documents again, adding a copy of the filed version of the "Affidavit of Bert Falls, Mortgage Fraud Examiner." (Doc. 18.) Plaintiff re-filed his response to Defendants' Motion to Dismiss as well and included in that response a Motion to Remand. (Doc. 20.) In Defendants M&T Bank and MERS's response to the Motion to Remand, Defendants pointed out that Plaintiff did not rebut or dispute that both diversity jurisdiction and federal question jurisdiction exist. *(*Doc. 21.)

Plaintiff's filings only became more frequent as the case went on. On August 9, 2022, Plaintiff filed an "Affidavit of Fact Judicial Notice" and included in that filing multiple letters from M&T Bank to Plaintiff, a copy of what Plaintiff refers to as a "Treaty of Peace and Friendship," a letter from undersigned counsel to Plaintiff acknowledging receipt of other frivolous and fraudulent documents from Plaintiff by M&T Bank, a "Georgia Revocation of Power of Attorney," a foreclosure notice sent to Plaintiff from Defendant McCalla Raymer Leibert Pierce, LLC, and an "Affidavit of Truth & Rescission of Signature, Autograph." (Docs. 22, 22-1.) He then filed an "Affidavit of Fact Claim for Relief/Proof of Service," an "Affidavit of Fact Writ of Error," and an "Affidavit of Fact Writ of Quo Warranto II." (Docs. 24,

5

25, 26.) Defendants M&T Bank and MERS then filed a Motion to Strike certain fraudulent documents filed by Plaintiff and asked the Court to order that Plaintiff cease filing any additional documents until the Court issued an order on the pending Motion to Dismiss. (Doc. 27.) Plaintiff subsequently filed two more "Affidavit(s) of Fact Writ of Error" and "Summary of Findings". (Docs. 28, 29.) He then filed an "Affidavit of Fact Writ of Mandamus" in which he claimed this Court had refused "to uphold the Treaty of Peace and Friendship." (Doc. 30.)

The Magistrate Judge issued his Report and Recommendation on October 31, 2022, recommending that Plaintiff's Complaint be Dismissed with prejudice and Defendants' Motion to Strike be denied as moot. (Doc. 31.) Judge Fuller deemed Plaintiff's theory that he unilaterally discharged his debt "meritless" and noted that other counts have found such arguments to be "baseless, frivolous attempts to eliminate debt." (Doc. 31 at 10.) This opinion sparked a flurry of filings from Plaintiff, including another "Affidavit of Fact Writ of Error," an "Affidavit of Fact Judicial Notice," an "Affidavit of Fact Notice of Improper Name," (Doc. 35), and a "Constitutional Challenge." (Docs. 33, 34, 36). Liberally construing these documents as objections to the Report and Recommendation, Defendants filed a response to those "objections," (Doc. 37), which Plaintiff replied to with a "Writ of Error Response to Rachel R. Friedman Void document." (Docs. 38, 39.) (This document appears to have been filed twice.) Plaintiff then filed an "Affidavit of

6

Truth & Principal Beneficiary of All Trust Rebutal of All B.A.R. Association Presumptions" and a purported "Judicial Notice Writ of Settlement and Closure." (Docs. 41, 42.)

This Court dismissed the case with prejudice on February 24, 2023. (Doc. 43.) However, Plaintiff then proceeded to file eight (8) more documents, five (5) of which the Court construed as post-judgment motions.[4] On May 26, 2023, the Court entered an order denying all pending post-judgment motions. (Doc. 55.) This, however, still failed to deter Plaintiff, who proceeded to file a response to the Court's order denying Plaintiff's post-judgment motions, a Rule 60(b) Motion for Relief from Judgment, and a "Notice to Clerk of Court. Change of Judge, Venue" (construed by the Court as a motion for recusal and a motion for change in venue). (Docs. 56, 57, 59, 60.) On December 7, 2023, the Court denied both Plaintiff's Rule 60(b) Motion and Plaintiff's Motion for Recusal. (Doc. 61.) Since that ruling, Plaintiff has filed nine

---

[4] These filings included: an "Affidavit of Fact Writ of Error," a "Notice of Trust Res. Notice of Special Deposit. Writ of Error Deleted From Docket," a "Motion to reopen the case above," a "Motion to Extend Appeal deadline. Motion for Plea of Release. Motion to Switch the Court to a Court of Equity," an "Order of NUNC PRO TUNC," a document construed as a reply to Defendants' Response to Plaintiff's Motion to Reopen Case, Motion to Extend Appeal Deadline, and Motion for Order of Nunc Pro Tunc, a document titled "Prayer for Equity Court. Relief, Exoneration, & Injunctive Relief," and a "Prayer for Emergency Injunctive Relief." (Docs. 45, 46, 47, 48, 49, 51, 52, 53.)

(9) more nonsensical documents and motions.[5] Plaintiff's waste of judicial resources, unfortunately, did not stop with this case though.

On May 15, 2023, Plaintiff filed another action in the Superior Court of Cobb County Georgia, which Defendants removed to this Court. (*Barrett II*, Docs. 1, 1-1.) Defendants filed a Motion to Dismiss that case and a Motion to Stay the action pending the Court's decision on dismissal. (*Barrett II*, Docs. 5, 6.) Despite the Court's grant of the stay, Plaintiff continued his practice of clogging the docket with frivolous motions. (*Barrett II*, Doc. 7.) Plaintiff filed a motion construed as a motion for recusal, which the Court denied. (*Barrett II*, Docs. 8, 9.) Plaintiff then filed a "Notice of Pending Lawsuit/Notice of Writ of Ponendis in Assisis," a motion denying consent to this administrative Court, and a "Judicial Notice of Jurisdictional Challenge/Judicial Affidavit of Challenge." (*Barrett II*, Docs. 10, 12, 13.) On November 11, 2023, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed with prejudice based on the doctrine of *res judicata*. (*Barrett II*, Doc. 16.) This of course, prompted Plaintiff to file an objection to the Report and Recommendation, as well as a "Writ of Error,

---

[5] These filings included a Notice of Filing New Evidence, two "Affidavit(s) of Disqualification for Appearance Bias 2nd Notice," a Writ of Mandamus to the Supreme Court of Atlanta, a "Notice of Liability (Burr & Forman LLP & McCalla Raymer Leibert Pierce LLP), Requests for Admissions to undersigned attorney Rachel R. Friedman, a "Motion to Vacate Void Judgment," a "Notice to the Chief Judge and Presiding Judge," and a motion for "Relief from Judgment influenced by unlicensed Attorney Rachel Friedman." (Docs. 62, 63, 64, 65, 66, 67, 68, 71, 72.)

Order to show cause, Affirmation under GOD," a motion to amend the docket, a "Special Demurrer and Rebuttale to Final Order, Motion to Stay, Motion to Strike, Motion to Dismiss," a "Formal Judicial Notice Order of Testimoney Under God to the Court and Judge," a "Judicial Command Testimony Under God Writ of Quo Warranto," a "Demand for Jury Trial and Affidavit for Civil Case to be Changed to Criminal Fraud Case, Securities Fraud," a "Writ of Error and Judicial Notice of Fraud on the Court for William M. Ray in Chambers," and two (2) "Affidavit(s) of Disqualification for Appearance Bias."[6] (*Barrett II*, Docs. 18, 19, 21, 22, 23, 24, 25, 26, 27, 28.)

This Court dismissed that action with prejudice on March 7, 2024. (*Barrett II*, Doc. 29.) Plaintiff proceeded to file four more documents, two of which were considered Rule 60(b) motions and denied by this Court.[7] (*Barrett II*, Doc. 38.) Since that ruling, Plaintiff has filed eleven (11) more notices and motions, none of which assert a cognizable claim for relief.[8] As Plaintiff's last filing in that case was made

---

[6] The misspellings in these documents' titles are Plaintiff's own.

[7] The other two filings included a "Notice of Liability (Burr & Forman LLP & McCalla Raymer Leibert Pierce LLP)" and Requests for Admissions from undersigned attorney Rachel R. Friedman. (*Barrett II*, Docs. 34, 35.)

[8] These filings include: another Rule 60(b) motion, a "Notice of Liability," an "Affidit of Truth & Standing," "Plaintiff's Independent Bill in Equity to Set Aside Void Judgment," a Notice of Appeal to the Eleventh Circuit, a "Demand for the Clerk of Court and the Head Judge to Respond Under Penalty and Validate an Attorneys License from Congress for Relief from Judgment," an "Affidavit of Lack of Authority and Violation of Rule 5.5," a "Demand for the Clerk of Court and the Head Judge to Respond Under Penalty and Validate an Attorneys License From

9

on October 20, 2025, Plaintiff has shown no indication he plans to cease these frivolous attempts at having this Court's decision overturned.

### III. ARGUMENT

While Defendants recognize the pleadings of *pro se* litigants are to be given "liberal construction," no reasonable construction of Plaintiff's various post-judgment filings could construe them as being procedurally—or substantively—appropriate. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'") (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)); *Fotse v. Angel Oak Prime Bridge, LLC*, No. 1:19-cv-05820-ODE-AJB, 2020 WL 9936688, at *5 (N.D. Ga. Feb. 27, 2020). Furthermore, "one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). "The right of access to the courts is neither absolute nor unconditional," and thus, when a Plaintiff chooses to use the judicial system in a way that is improper, ineffective, and harassing in nature, the court should put restraints on his ability to do so." *Miller v.*

---

Congress for Relief from Judgment," a "Notice to the Chief Judge and Presiding Judge" (filed twice) and a motion for "Relief from Judgment influenced by unlicensed Attorney Rachel Friedman." (*Barrett II*, Docs. 39, 40, 41, 42, 43, 47, 48, 49, 50, 51, 52.)

*Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citations and internal quotations omitted) ("Conditions and restrictions on each person's access [to the courts] are necessary to preserve the judicial resource for all other persons.").

It is well within this Court's authority to place the necessary restrictions on Plaintiff's ability to file documents in the cases at hand. *See Bethel v. Bosch,* No. CIV.A 10-0651-WS-M, 2010 WL 5014752, at *4 (S.D. Ala. Dec. 2, 2010 ("When *pro se* litigants abuse their right of access to the courts, . . . federal courts have the power, and indeed the obligation, to impose restrictions to curtail such wasteful and destructive conduct."). Indeed, "[a] court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others, and a litigant can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Debose v. United States*, No. 22-13380, 2024 WL 489699, at *1 (11th Cir. Feb. 8, 2024). Thus, Defendants request this Court enjoin Plaintiff from filing further documents in this action or in *Barrett II*, as this Court has ruled both on the merits of the actions as well as numerous post-judgment motions, leaving nothing of substance in these cases that is worthy of the expenditure of the Court's scarce judicial resources.

In the alternative, Defendants request this Court enter an order requiring that no filing of Plaintiff's be docketed without prior screening and approval of the Clerk of this Court. This Court recently exercised its duty to protect the judicial system

from continuous baseless filings by a *pro se* plaintiff in this exact way in *McAlexander v. D.G. Yuengling & Son, Inc.* There, the Court stated that because the plaintiff had filed eleven meritless post-judgment motions, "the Court [would] not accept Plaintiff's future filings for immediate docketing but [would] instead screen them and determine whether to authorize their filing." No. 1:21-cv-03331-LMM, 2024 WL 3636288, at *1–2 (N.D. Ga. July 18, 2024). Similarly, in *Colfield v. Alabama Public Service Commission*, the Eleventh Circuit held that the district court's order requiring the plaintiff to send all pleadings to a judge for pre-filing approval was an appropriate remedy since all seven lawsuits filed by the pro se plaintiff had been dismissed as meritless. 936 F.2d 512, 515 (11th Cir. 1991). Such an order is appropriate and necessary in this case as well.

## IV.   CONCLUSION

Defendants have already fought, and won, numerous battles with Plaintiff in this Court. Defendants have spent thousands of dollars in attorney's fees dealing with Plaintiff's meritless attacks, and Plaintiff has not seen success on a single one of his claims. Nevertheless, Plaintiff continues to waste the time and resources of both this Court and the parties by filing countless nonsensical motions and notices. Accordingly, an injunction against further frivolous filings by Plaintiff is warranted. For all of the foregoing reasons, Defendants request that this Motion be granted.

Dated this the 31st day of October, 2025.

/s/ *Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com
BURR & FORMAN, LLP
1075 Peachtree Street NE
Suite 3000
Atlanta, Georgia  30309
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

Attorney for Defendants
M&T BANK AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

63342679 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, and via e-mail on this 31st day of October, 2025:

Wayne A. Barrett
PO Box 2293
Acworth, GA 30102
alchemist.realestatellc@gmail.com

                                          */s/ Rachel R. Friedman*
                                          Rachel R. Friedman
                                          Georgia Bar No. 456493
                                          rfriedman@burr.com

63342679 v1